**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
      -against-                     :      No. 08 Cr. 581 (JFK)
                                    :
JORGE BRIONES                       :      **OPINION & ORDER**
                                    :
                    Defendant.      :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/22

APPEARANCES

FOR DEFENDANT JORGE BRIONES:
      Pro Se

FOR THE UNITED STATES OF AMERICA:
      Michael D. Maimin
      U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Jorge Briones' ("Briones")

pro se motion for early termination of supervised release

("Motion") pursuant to 18 U.S.C. § 3583(e).  The Government

opposes the Motion.  For the reasons set forth below, Briones'

Motion is DENIED.

      **I. Background**

On February 3, 2009, Briones pled guilty pursuant to a plea

agreement to one count of conspiracy to distribute and possess

with intent to distribute five kilograms and more of cocaine, in

violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and one count of

distributing and possessing with intent to distribute 500 grams

and more of cocaine, in violation of 21 U.S.C. §§ 812,

841(a)(1), and 841(b)(1)(B).  (Judgment, ECF No. 100.)  The

1

charges stemmed from Briones' participation in a large drug-trafficking and money-laundering enterprise, which imported significant quantities of cocaine from Puerto Rico into the New York City metropolitan area.  (Presentence Report ("PSR"), ¶ 13, filed under seal.)  Of particular relevance to the instant motion, Briones was on parole for a 2003 drug-trafficking offense when he engaged in the offense conduct that resulted in his 2009 plea.  (Id. ¶¶ 58-59.)

On October 22, 2009, the Court sentenced Briones to a below-Guidelines sentence of 156 months' imprisonment to be followed by five years of supervised release.  Following a retroactive amendment to the U.S. Sentencing Guidelines, Briones filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Motion for Sentencing Reduction, ECF No. 144.)  The Government consented to Briones' request and the Court reduced Briones' sentence from 156 to 135 months' imprisonment.  (March 10, 2016, Order Reducing Sentence, ECF No. 151.)

On September 18, 2018, Briones was released from the custody of the Bureau of Prisons and began serving his term of supervised release.  On August 10, 2021, Briones filed the instant Motion seeking early termination of his supervised release.  (Motion for Early Termination of Supervised Release, ECF No. 182.)  In response, the Government filed a letter

2

opposing Briones' request on September 8, 2021.  (Letter in Opposition ("Oppo."), ECF No. 184.)  On November 18, 2021, the Court received a petition from the United States Probation Office requesting that the Court terminate the remainder of Briones' term of supervision.  (Request for Early Termination of Supervised Release.)  The Court denied the Probation Office's request on November 22, 2021.  (Judicial Response, ECF No. 185.)  As of this writing, Briones has completed 45 of his 60 months of supervision.  His term of supervised release is scheduled to expire on September 17, 2023.

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3583(e)(1) provides that a court may, after considering a subset of the factors listed in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The § 3553(a) factors that the Court must consider include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to deter criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with

correctional treatment; (5) the kinds of sentence and the
sentencing range established for defendants with similar
characteristics under the applicable Sentencing Commission
guidelines and policy statements; (6) any pertinent policy
statement of the Sentencing Commission in effect on the date of
sentencing; (7) the need to avoid unwarranted sentence
disparities among similar defendants; and (8) the need to
provide restitution." United States v. Bouchareb, 76 F. Supp.
3d 478, 479 (S.D.N.Y. 2014).

Early termination of supervised release "is not warranted
as a matter of course." United States v. Bastien, 111 F. Supp.
3d 315, 321 (E.D.N.Y. 2015). "Rather, such relief may
'occasionally' be justified by 'new or unforeseen
circumstances,' such as when 'exceptionally good behavior by the
defendant . . . renders a previously imposed term or condition
of release either too harsh or inappropriately tailored to serve
the general punishment goals of section 3553(a).'" United
States v. Stein, No. 09 Cr. 377 (RPK), 2020 WL 4059472, at *2
(E.D.N.Y. July 19, 2020) (quoting United States v. Lussier, 104
F.3d 32, 36 (2d Cir. 1997)). "Exceptionally good behavior is
not established by mere compliance with the terms of supervised
release, which 'is what is expected . . . and does not warrant
early termination.'" Id. (quoting United States v. Bastien, 111
F. Supp. 3d 315, 321 (E.D.N.Y. 2015)); see also United States v.

Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

### B. Analysis

In the instant Motion, Briones argues that the Court should terminate the remainder of his term of supervised release because he is gainfully employed and has complied with the terms of his supervision.  (Motion at 13-15.)  The Court finds this argument unpersuasive.

As an initial matter, Briones has failed to identify any "changed circumstances" that render the conditions of his supervised release "too harsh" or "inappropriately tailored to . . . the general punishment goals of [§] 3553(a)."  Lussier, 104 F.3d at 36.  While Briones' compliance with the terms of his supervision is commendable, it does not "rise to the level of 'exceptionally good behavior' that would warrant early termination of supervised release."  United States v. Sarna, No. 06 Cr. 1067 (JFK), 2009 WL 2633153, at *1 (S.D.N.Y. Aug. 26, 2009).  As this Court has previously observed, "[c]omplying with court-imposed sanctions and providing for one's family is expected."  Id.; see also Stein, 2020 WL 4059472, at *2 ("[C]ourts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision." (collecting cases)).

5

Additionally, the factors set forth in § 3553(a) weigh decisively against terminating Briones' term of supervision. While the Court has considered all of the statutory factors, three are particularly relevant to the Court's conclusion. First, the offense conduct in this case is especially serious. Briones was a central figure in a large cocaine-trafficking and money-laundering conspiracy that brought significant quantities of cocaine into the New York City area.  (PSR ¶ 13.) Additionally, Briones participated in this criminal enterprise while he was on parole.  (Id. ¶ 59.)  Due to the seriousness of the underlying offense and Briones' history of recidivism, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against early termination.  18 U.S.C. § 3553(a)(1).

Second, terminating Briones' supervision would undermine deterrence.  See 18 U.S.C. §§ 3553(a)(2)(B), 3583(e).  Briones received a substantial break from this Court when it imposed a below-Guidelines sentence of 156 months' imprisonment.  As noted above, the Court also exercised its discretion and reduced the sentence by 21 months following a retroactive amendment to the Sentencing Guidelines.  Accordingly, any further reduction to Briones' already lenient sentence would undermine both specific and general deterrence.  See Stein, 2020 WL 4059472, at *2 (citing 18 U.S.C. §§ 3553(a)(2)(B), 3583(e)).  Finally, the

Court finds that continued supervision is necessary "to protect
the public from further crimes of the defendant." Id. at §
3553(a)(2)(C). Although Briones has previously demonstrated
that supervision does not prevent recidivism, the current
conditions of supervision provide necessary protections for the
public. In sum, having considered Briones' conduct and the
relevant factors set forth in § 3553(a), the Court concludes
that early termination is not warranted. Accordingly, Briones'
Motion is denied.

**III. Conclusion**

For the reasons set forth above, Defendant Jorge Briones'
motion for early termination of supervised release is DENIED.
The Clerk of Court is respectfully directed to terminate the
docket entry at ECF No. 182.

**SO ORDERED.**

Dated:   New York, New York
         June 29, 2022

                                 John F. Keenan
                                 United States District Judge

7